**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-02885-WJM

ROBERTO YAM-PECH,

    Applicant,

v.

ERICK HOLDER, JR., U.S. Attorney General,
JOHN CARREY, Secretary of the United States Department of Homeland Security,
JOHN MORTON, United States D.H.S. Director of ICE,
JOHN LONGSHORE, Field Office Director U.S. ICE in Colorado,
CHOATE, Warden of GEO CDF ICE Detention Center,
JOHN SUTHERS, U.S. Attorney General for Colorado, and
CORINA E. ALMEIDA, Chief Counsel for D.H.S.-ICE,

    Respondents.

## ORDER ON HABEAS CORPUS APPLICATION

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4), filed by Applicant, Roberto Yam-Pech, on October 31, 2013.  Mr. Yam-Pech claims that he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) and requests an individualized hearing and bond determination by an immigration judge pending removal proceedings. He further asks the Court to declare his status "a national of the United States."  (ECF No. 4, at 5).  Respondents filed a Response (ECF No. 14) asserting that the Amended Application should be dismissed for lack of subject matter jurisdiction.[1]  Mr. Yam-Pech

---

[1] Respondents further maintain that Defendant Choate, Mr. Yam-Pech's custodian, is the only proper respondent to this action and that all other named respondents should be dismissed as improper parties.  It is not necessary for the Court to address this argument.

filed a "Motion to Withdraw Petition for Habeas Corpus" (ECF No. 20) on January 6, 2014. However, because Applicant filed the motion after Respondents filed a response to the amended application, this action may be dismissed only by court order on terms that the Court deems proper. *See* Fed. R. Civ. P. 41(a)(2). For the reasons stated below, the Court finds that Applicant's request for an individualized bond hearing is moot. The Court further finds that it lacks jurisdiction to review the amount of bond set by the immigration judge, or to declare Mr. Yam-Pech's status as United States national. Accordingly, the Amended Application will be denied.

## I. LEGAL STANDARD

### A. Habeas Corpus Application

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004).

Mr. Yam-Pech is currently in the custody of immigration officials in Aurora, Colorado. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir.1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Because Applicant is detained within the District of Colorado, his § 2241 application was filed properly in

this Court.

## B.  Pro Se Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II. FACTS AND PROCEDURAL HISTORY

Mr. Yam-Pech is a native and citizen of Mexico.  (ECF No. 14-1, at 2).  He entered the United States without inspection some time prior to November 2006.  (*Id.* at 3). On November 14, 2006, he was granted a voluntary departure and left the United States.  (*Id.* at 3).   Mr. Yam-Pech re-entered the United States without inspection in June 2007.  (*Id.*).  Applicant was convicted of a minor traffic offense in state court on July 2, 2008.   (*Id.* at 2).  On the same date, he was contacted by immigration officers and placed in removal proceedings.  (*Id.* at 3; ECF No. 14-2).  The immigration court granted bond, and Mr. Yam-Pech was released on July 29, 2008.  (ECF No. 14-1, at 2).  On February 6, 2009, Applicant was convicted of Driving Under the Influence and was

sentenced to 20 days of incarceration.  (*Id.* at 4).  Immigrations and Customs Enforcement (ICE) issued a detainer requesting notification of Mr. Yam-Pech's release, but Applicant was released without notice to ICE.  (*Id.* at 3-4).  In the meantime, the immigration court administratively closed Mr. Yam-Pech's removal hearings pending his release from incarceration.  (*Id.* at 4).  ICE lost track of Mr. Yam-Pech and his bond was cancelled on May 15, 2009.  (*Id.*).

Mr. Yam-Pech was convicted of misdemeanors and traffic offenses on April 2, 2009 and May 15, 2009, but ICE did not become aware of his presence.  (*Id.*).  On August 13, 2013, Applicant was convicted in the County Court of Boulder County of Driving While Ability Impaired and was sentenced to work release and probation.  (ECF ECF No. 14-1, at 4).  ICE took Applicant into custody on August 14, 2013 and determined that he could be released on $29,000 bond.  (*Id.* at 3; ECF No. 14-3). Applicant did not post bond and remained detained while his 2008 removal proceedings were re-calendared.  On September 16, 2013, Mr. Yam-Pech requested that the immigration judge conduct a bond re-determination hearing (under 8 C.F.R. § 236.1(d)), and the hearing was held that day.  The immigration judge ordered no change to the bond amount and Applicant waived appeal.  (ECF No. 14-4).  Mr. Yam-Pech filed the instant action on October 22, 2013.  He was scheduled for another bond re-determination hearing on December 11, 2013.  (ECF No. 14, at 3).

### III.  ANALYSIS

### A.  Applicant's Request for an Individualized Bond Hearing is Moot

Mr. Yam-Pech claims that he is not subject to the mandatory detention provisions

of 8 U.S.C. § 1226(c) because immigration officials waited over six years after his conviction for the removable offense to detain him. (ECF No. 4, at 9). He therefore asks the Court to order Respondents to grant him an individualized bond hearing by an immigration judge pursuant to 8 U.S.C. § 1226(a). (*Id.* at 5). Mr. Yam-Pech further contends that his detention without an individualized bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution. (*Id.* at 6).

Title 8 of the United States Code Section 1226 governs the pre-removal detention of an alien. Section 1226(a) authorizes immigration officials to arrest and to detain or release an alien pending a decision on whether the alien is to be removed from the United States. An alien has the right under § 1226(a) to a hearing before an immigration judge to determine whether he or she should be released on bond during the removal process. There is an exception to this broad authority given to immigration officials to release an alien on bond following a hearing as § 1226(a), by its plain terms, applies in all circumstances "[e]xcept as provided in subsection (c) of this section." This exception, subsection (c), authorizes mandatory detention of certain aliens without a bond hearing. *See* 8 U.S.C. § 1226(c)(1) and (2).

Respondents argue that Applicant's claim challenging his detention without a bond hearing is moot because Mr. Yam-Pech is being detained pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), not the mandatory provisions of § 1226(c), and he received an individualized bond hearing on September 16, 2013.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996); *see also Alvarez v. Smith*, 558

5

U.S. 87, 130 S.Ct. 576, 580 (2009).  At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit.  *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  In other words, the petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision.  *Spencer*, 523 U.S. at 7. Where the petitioner has received all the relief requested in the petition, his claim is moot and should be dismissed, unless an exception to the mootness doctrine applies. *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002).[2]

The record before the Court reflects that Mr. Yam-Pech is being detained pursuant to immigration officials' discretionary authority pending a decision on whether he should be removed from the United States.  *See* 8 U.S.C. § 1226(a) (1) and (2); *see also* 8 C.F.R. § 236.1(c)(8) (providing that an authorized officer may exercise discretion to release an alien if the alien demonstrates that release would not pose a danger and the alien is likely to appear at future proceedings).   There is no support in the record for Applicant's contention that he is subject to the mandatory detention provisions of 1226(c).  It is undisputed that Mr. Yam-Pech was granted an individualized bond hearing in September 2013.  Applicant has received the relief requested in the amended application and there is no information before the Court to indicate that one of the exceptions to the mootness doctrine applies here.  Accordingly, Mr. Yam-Pech's claims challenging his detention under § 1226 will be dismissed as moot.

---

[2]The Court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley*, 310 F.3d at 1257.

**B. The Court Lacks Jurisdiction to Review the Amount of Bond**

Respondents next contend that to the extent Mr. Yam-Pech challenges the immigration judge's September 16, 2013 decision granting him release from detention on $29,000 bond, the Court lacks jurisdiction to review the discretionary decision pursuant to § 1226(e). That section provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

The Court agrees that the immigration judge's decision to grant bond in a specific amount is an exercise of executive discretion under § 1226(e) that is not subject to judicial review. *See Casillas v. Holder*, 656 F.3d 273, 275 (6th Cir. 2011); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008); *Mwangi v. Terry*, No. 11-2091, 465 F. App'x 784, 787 (10th Cir. March 7, 2012) (unpublished); *see also* 8 U.S.C. § 1252(a)(5) ("For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28...."). *Cf. Denmore*, 538 U.S. at 516-17 (asserting jurisdiction to consider challenge to statutory framework providing for mandatory detention under § 1226(c), not the discretionary judgment of the Attorney General). Accordingly, to the extent Mr. Yam-Pech challenges the immigration judge's decision on bond, the Court lacks jurisdiction over the claim.

**C. The Court Lacks Jurisdiction to Review Applicant's Immigration Status**

Finally, Mr. Yam-Pech asks this Court to declare or clarify his status as a United

States national, pursuant to 8 U.S.C. § 101(A)(22)(B), so that he is not subject to removal as an alien. (ECF No. 4, at 5). Again, the Court does not have subject matter jurisdiction to review this claim.

A person generally may pursue a nationality claim in two ways. First, if the person is in removal proceedings he can claim his status as a national as a defense. If the immigration judge rejects the defense and orders removal, the person can, after properly exhausting administrative channels, petition the court of appeals for the judicial district in which the immigration judge completed the removal proceedings under 8 U.S.C. § 1252(b) for review of the final order of removal, including for review of the nationality claim. *See* 8 U.S.C. § 1252(b)(5)(A) and (B); *see also Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006) (court of appeals had exclusive jurisdiction to review and determine whether petitioner was a national by construing habeas petition that was transferred from district court as petition for review).

Second, a person can affirmatively seek proof of nationality by filing an application for a certificate of non-citizen national status with the Secretary of State under 8 U.S.C. § 1452(b). Following an adverse administrative appeal, the person can seek a judicial declaration of citizenship in the federal district courts, unless the issue of the person's status as a national "arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. 8 U.S.C. § 1503(a)

Under the above statutes, the Court lacks jurisdiction to review Mr. Yam-Pech's claim seeking a declaration of his status as a United States national if his nationality is at issue in the removal proceeding. Although the record does not definitively resolve

this issue, the claim is also subject to dismissal based on Mr. Yam-Pech's motion.

**IV. ORDERS**

For the reasons discusses above, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Applicant, Roberto Yam-Pech, on October 31, 2013 (ECF No. 4), is DENIED. The Court lacks subject matter jurisdiction over Mr. Yam-Pech's claim challenging his detention under 8 U.S.C. § 1226; the amount of bond set by the immigration judge; and, Applicant's request for a declaration of his status as a U.S. national, if that nationality is at issue in the removal proceeding. To the extent the Court has subject matter jurisdiction over any of Applicant's claims or requests for relief, the Motion to Withdraw Petition for Habeas Corpus (ECF No. 20) is GRANTED. It is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

Dated this 16th day of January, 2014.

BY THE COURT:

                                                                  _____
                                                                  William J. Martínez
                                                                  United States District Judge